baileyb                                                                          CPCC.CV.2977742

# Citation

SHARON NEIDIGH                          NO. 633524– A
         VS                             STATE OF LOUISIANA
RED RIVER ENTERTAINMENT OF SHREVEPORT   PARISH OF CADDO
LLC, ET AL
                                        FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    RED RIVER ENTERTAINMENT OF SHREVEPORT LLC
                               THRU CORPORATION SERVICE COMPANY, AGENT
                               501 LOUISIANA AVE.
                               BATON ROUGE, LA
                               70802

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date November 3, 2021.

|  | *Also attached are the following: | MIKE SPENCE, CLERK OF COURT |
|---|---|---|
| XX | REQUEST FOR ADMISSIONS OF FACTS | |
| XX | INTERROGATORIES | |
| XX | REQUEST FOR PRODUCTION OF DOCUMENTS | By: _____ |

                                                        Deputy Clerk


                                        _____
                                                   ZOEY H AKIN
                                                    Attorney


                                        A TRUE COPY - - ATTEST


                                        _____
                                                   Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 - 7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding accommodation and assistance.

**SERVICE COPY**



1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.: 633524                                    DIVISION " A "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____          _____
                                                          DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Sharon Neidigh, a person of the full age of majority and domiciled in Caddo Parish, who with respect represents the following:

**I.**

Made defendants herein are:

A. Red River Entertainment of Shreveport, L.L.C., a limited liability company operating and doing business in the State of Louisiana;

B. Boyd Gaming Corporation, a foreign corporation licensed to do and doing business in Louisiana.

C. XYZ Insurance Company, upon information and belief to be an insurance company licensed to do and doing business in the State of Louisiana, and who was the liability insurance carrier for the defendant, Boyd Gaming Corporation, at all times pertinent.

**II.**

On or about November 28, 2020, Plaintiff, Sharon Neidigh, was a patron at Sam's Town Hotel & Casino located at 315 Clyde Fant Pkwy, Shreveport, LA 71101 in Caddo Parish, Louisiana, believed to be owned by Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation, when she slipped and fell due to liquid on the bathroom floor, causing injuries to her body. The liquid on the floor was unsafe and dangerous.

**III.**

At all relevant times, Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation owned and/or operated the premises where this accident occurred, namely 315 Clyde Fant Pkwy, Shreveport, LA 71101. Further, on information and belief, Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation, or their employees, either created, knew or, in

1

Caddo Parish                    633524
Filed Nov 03, 2021 10:29 AM              A
Bailey Barr
Deputy Clerk of Court

the exercise of reasonable care, should have known of the unreasonably dangerous and unsafe condition, ruin, vice, or defect that caused Plaintiff's injuries.

**IV.**

Additionally, Plaintiff's injuries could have been prevented by the exercise of reasonable care that Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation, directly and through their employees, failed to exercise. Specifically, on information and belief, Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation, directly and through their employees, failed to follow established rules and procedures for handling wet surfaces.

**V.**

Plaintiff avers that the sole and proximate cause of the forgoing accident was due to the negligence of the Defendants in the following respects;

    a.  Failing to properly inspect the area where accident occurred;

    b.  Failing to properly maintain and repair and clean said premises;

    c.  Failing to warn of this unreasonably dangerous condition;

    d.  Failing to use reasonable and prudent care under the circumstances;

    e.  Failing to keep its premises in a reasonably safe condition;

    f.  Any and all other acts of negligence which may be revealed between now and the time of trial, all in violation of the laws and ordinances of Caddo Parish, and the State of Louisiana as if copied herein in extenso.

**VI.**

Moreover, Plaintiff avers that, as a direct result of the aforementioned accident and negligence on the part of Defendants, she has sustained severe and disabling injuries to her body, including, but not limited to her back, neck, hands, hip, knee, legs, and buttocks that are permanent in nature.

**VII.**

The Defendant owed a duty to Plaintiff to exercise reasonable care to keep their premises in a reasonably safe condition, as well as put forth a reasonable effort to keep the premises free of any hazardous conditions that might give rise to such damage.

**VIII.**

The subject condition in Sam's Town Hotel & Casino identified herein presented an unreasonable risk of harm to Plaintiff and was a result of Defendant's failure to put forth a reasonable effort to keep the premises free of hazardous conditions.

2

### IX.

Defendants are liable unto Plaintiff jointly, severally and *in solido* for the damages that Plaintiff sustained as a result of the accident at issue with any others that might later be included in this litigation or deemed liable.

### X.

Upon information and belief, it is alleged that at all pertinent times, Defendant, XYZ insurance company, provided a policy of insurance that provided coverage to Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation for the type of loss sued upon herein and, therefore, XYZ insurance company is liable unto Plaintiff jointly, severally, and *in solido* with the Defendants.  As a result, XYZ insurance company is being sued directly pursuant to the Louisiana Direct Action Statute.

### XI.

Plaintiff itemizes the damages she suffered that were proximately caused by the above-described negligence of the Defendants as follows, to-wit:

a.   Past physical pain, suffering, and discomfort;

b.   Past mental anguish, aggravation, and annoyance;

c.   Future physical pain, suffering, and discomfort;

d.   Future mental anguish, aggravation, and annoyance;

e.   Past medical expenses;

f.   Future medical expenses;

g.   Past lost wages;

h.   Future lost wages, including loss of earning capacity;

i.   Loss of enjoyment of life;

j.   Loss of consortium;

k.   Disability from engaging in recreation; and

l.   All other damages that will be proven at the trial of this matter.

### XII.

Red River Entertainment of Shreveport, L.L.C. and Boyd Gaming Corporation are liable for the acts of their employees and agents, acting within the scope of their employment or agency.

WHEREFORE, Plaintiff **SHARON NEIDIGH**, prays that Defendants, **RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING CORPORATION,** and

3

**XYZ INSURANCE COMPANY,** be served with a copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, there be judgment in favor of Plaintiff and against Defendants in an amount of damages to be determined and found reasonable at trial, together with legal interest thereon from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief as the court may deem fit.

Respectfully submitted,



By: ZOEY H. AKIN, NO. 37969
Slocumb Law Firm
365 Canal St., Ste. 2650
New Orleans, Louisiana 70130
Email: zakin@slocumblaw.com
Telephone: (504) 276-5420
Facsimile: (504) 276-5430
*Attorney for Petitioner*

**PLEASE SERVE:**

**RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C.**
**Through its registered agent for Service of Process:**
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**BOYD GAMING CORPORATION**
**Through its registered agent for Service of Process:**
Joe Quincy Williams
5050 Williams Blvd,
Kenner, LA 70065

**XYZ INSURANCE COMPANY**
*Please withhold service at this time*

ATTEST
A TRUE COPY
DEPUTY CLERK FIRST JUDICIAL
DISTRICT COURT CADDO PARISH, LA

4

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                       DIVISION "     "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____      _____

                                          DEPUTY CLERK

## REQUEST FOR ADMISSION

TO:   **RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C.**
      **Through its registered agent for Service of Process:**
      Corporation Service Company
      501 Louisiana Ave.
      Baton Rouge, LA 70802

      **BOYD GAMING CORPORATION**
      **Through its registered agent for Service of Process:**
      Joe Quincy Williams
      5050 Williams Blvd,
      Kenner, LA 70065

      **XYZ INSURANCE COMPANY**
      *Please withhold service at this time*

    NOW INTO COURT, through undersigned counsel, comes Sharon Neidigh, who

request that Red River Entertainment of Shreveport, L.L.C., Boyd Gaming Corporation and

XYZ Insurance Company answer the following written Requests for Admission, under oath and

in writing, within the applicable delays allowed under the law, and such requests are to be

deemed continuing and are to be answered if and when such information comes into your

possession at a later date or time and said requests are due to be answered within the legal delays

allowed by law from the date of this notice.

**REQUEST FOR ADMISSION NO. 1:**

    Admit that the accident at issue occurred at the Sam's Town Hotel & Casino

located at 315 Clyde Fant Pkwy, Shreveport, LA 71101 on November 28, 2020.

**REQUEST FOR ADMISSION NO. 2:**

    Admit that the Sam's Town Hotel & Casino located at 315 Clyde Fant Pkwy,

Shreveport, LA 71101, was owned by Red River Entertainment of Shreveport, L.L.C. and

or Boyd Gaming Corporation on November 28, 2020.

**REQUEST FOR ADMISSION NO. 3:**

Caddo Parish
Filed Nov 03, 2021 10:29 AM
Bailey Barr
Deputy Clerk of Court
E-File Received Nov 03, 2021 9:22 AM

633524
A

Admit that you have no evidence that the November 28, 2020, accident at issue in this litigation was caused by anyone other than Red River Entertainment of Shreveport, L.L.C. and or Boyd Gaming Corporation and/or their employees.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Sharon Neidigh received injuries as a result of the November 28, 2020, accident at issue in this litigation.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Red River Entertainment of Shreveport, L.L.C. and or Boyd Gaming Corporation and/or their employees were at fault for the November 28, 2020, accident at issue in this litigation.

**REQUEST FOR ADMISSION NO.6:**

Admit that Red River Entertainment of Shreveport, L.L.C. and or Boyd Gaming Corporation and/or their employees failed to warn Sharon Neidigh of the dangerous condition, which caused the accident at issue in this litigation.

**REQUEST FOR ADMISSION NO. 7:**

Admit that XYC Insurance Company provided insurance coverage to Red River Entertainment of Shreveport, L.L.C. and or Boyd Gaming Corporation for the Sam's Town Hotel & Casino located at 315 Clyde Fant Pkwy, Shreveport, LA 71101 on November 28, 2020.

**REQUEST FOR ADMISSION NO. 8:**

Admit that XYC Insurance Company does not dispute coverage for Boyd Gaming Corporation relative to the accident at issue in this litigation.

Respectfully submitted by:

**SLOCUMB LAW, LLC**

**ZOEY H. AKIN, NO. 37969**
Slocumb Law Firm
365 Canal St., Ste. 2650
New Orleans, Louisiana 70130
Email: zakin@slocumblaw.com
Telephone: (504) 276-5420
Facsimile: (504) 276-5430
*Attorney for Petitioner*

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on all counsel of record in these proceedings either by United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this ___3___ day of __November__, 2021.

**ZOEY H. AKIN**

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                                      DIVISION "    "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____       _____

                                                  DEPUTY CLERK

## INTERROGATORIES

TO:   **RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C.**
      **Through its registered agent for Service of Process:**
      Corporation Service Company
      501 Louisiana Ave.
      Baton Rouge, LA 70802

      **BOYD GAMING CORPORATION**
      **Through its registered agent for Service of Process:**
      Joe Quincy Williams
      5050 Williams Blvd,
      Kenner, LA 70065

      **XYZ INSURANCE COMPANY**
      *Please withhold service at this time*

      On authority of Articles 1457 and 1458 of the Louisiana Code of Civil Procedure, come

Plaintiff, Sharon Neidigh, who propounds the following Interrogatories to be answered fully,

separately, and completely, in writing and under oath, within the delays allowed by law by the

defendants, Red River Entertainment of Shreveport, L.L.C., Boyd Gaming Corporation and

XYZ Insurance Company:

## INTERROGATORY NO. 1:

      Please identify the individual(s) responding to these Interrogatories, including their

present job title.

## INTERROGATORY NO. 2:

      Please identify your relationship to or dealings with all known Defendants in this action.

## INTERROGATORY NO. 3:

      Please state, in your own words, what you believe happened to Plaintiff, on November

28, 2020, at or within the premises of your grocery store location, at Sam's Town Casino and

Hotel located at 315 Clyde Fant Pkwy, Shreveport, LA 71101 and include in your answer the

basis upon which you have formed that belief.

**INTERROGATORY NO. 4:**

State the full name and address of each person who witnessed or claims to have witnessed the subject incident.

**INTERROGATORY NO. 5:**

Identify the individual, entity, or entities responsible for ensuring the safety of the premises at issue in this matter as of November 28, 2020.

**INTERROGATORY NO. 6:**

What governmental, industry, or safety organization standards, codes or regulations pertain to the use of the premises in question and its design? State for each standard the date such standard promulgated, the sponsoring body, and whether the Defendant claims such standard was complied with in connection with the use of the product in question.

**INTERROGATORY NO. 7:**

Please identify any procedures or processes in place to ensure compliance with all relevant governmental or industry safety standards concerning the installation, operation, and maintenance of the subject premises.

**INTERROGATORY NO. 8:**

Please specifically describe any work you deemed necessary to make the area at issue in this matter fully compliant with any relevant governmental or industry standard, identify whether such work was performed and, if so, when such work was performed, and please describe the entity performing said work.

**INTERROGATORY NO. 9:**

Please identify any and all instances in which the subject premises has been found to be non-compliant with any industry or governmental safety regulation.

**INTERROGATORY NO. 10:**

Please describe and identify all correspondence, notes, memoranda, notices, warnings, petitions, letters, or other documents reflecting any communications among or between Defendant and Plaintiff.

**INTERROGATORY NO. 11:**

Please describe and identify all correspondence, notes, memoranda, notices, warnings, petitions, letters or other documents reflecting any communications among or between

Defendant, or employees or anyone acting on Defendant's behalf, with any non-party to this litigation.

**INTERROGATORY NO. 12:**

List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**INTERROGATORY NO. 13:**

Please identify each person, corporation, or other entity responsible for causing the subject incident and please fully explain why each person, corporation or other entity listed in response to the previous interrogatory is so listed, including any explanation of fault on that person or entity's behalf.

**INTERROGATORY NO. 14:**

If you contend that Plaintiff is in any way responsible causing the subject incident, please explain each and every reason therefore in complete and exact detail.

**INTERROGATORY NO. 15:**

Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

a.    The subject matter on which he or she is expected to testify:

b.    The substance of the facts and opinions to which he or she is expected to testify:

c.    A summary of the grounds for each opinion to which he or she will testify;

d.    The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

**INTERROGATORY NO. 16:**

Please state all facts in support of your denial of any allegation in Plaintiff's petition.

**INTERROGATORY NO. 17:**

If you contend that any of the injuries claimed by Plaintiff are not the result of the subject incident, please describe in detail the basis for such contention, identify all persons having knowledge of any facts supporting this contention, and identify all documents supporting this contention, as well as the specific event which brought about any unrelated injuries.

**INTERROGATORY NO. 18:**

If you contend that the medical treatment received by the Plaintiff subsequent to the subject incident and claimed as damages in this action was/is not reasonable, not medically necessary, or not causally related to the subject incident, please describe in detail the basis for such contention, identify all persons having knowledge of any facts supporting this contention, and identify all documents supporting this contention.

**INTERROGATORY NO. 19:**

Do you contend that the Plaintiff, or any other Party or entity, failed to heed or comply with any instruction or warning in connection with the occurrence in question or in any other way negligently caused the Plaintiff's incident? Explain. If so, does Defendant contend that such failure, if any, on the part of the Plaintiff had any causal connection with the Plaintiff's injuries?

**INTERROGATORY NO. 20:**

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to the public or employees working in that building or to anyone using the premises, in general, before the incident concerning the condition which caused or contributed to the incident complained of in this lawsuit.

**INTERROGATORY NO. 21:**

Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the incident in question.

**INTERROGATORY NO. 22:**

At the time of the subject incident do you contend that any person or entity other than you and your employees and agents was responsible for the maintenance of the premises on which Plaintiff alleges he was injured and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

**INTERROGATORY NO. 23:**

Describe in detail any conversations you or your representative has had with the Plaintiff related to the subject incident either prior to or subsequent to the subject incident.

**INTERROGATORY NO. 24:**

What efforts were made by you or any other person or entity to correct the condition which Plaintiff contends caused the occurrence in question subsequent to the incident in question?

**INTERROGATORY NO. 25:**

Please identify any contractual relationship entered into with any individual or entity regarding the maintenance and operation of the premises at issue and identify any established maintenance schedule.

**INTERROGATORY NO. 26:**

Please describe what training procedures, if any, are followed in the course of training of your employees with regard to premises safety or injuries occurring within the premises at issue. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

**INTERROGATORY NO. 27:**

With regard to the incident which forms the basis of Plaintiff's Petition, please identify each policy of insurance which might afford liability coverage to you and any excess, umbrella, or other policies.  For each policy listed, state the name and address of the named insured(s) and of the insurance company, the operative policy number, the operative liability limits for personal injury and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights, non-waiver agreement, etc.).

**INTERROGATORY NO. 28:**

Identify any document or thing that you intend to use as exhibit in the trial of this matter.

**INTERROGATORY NO. 29:**

Identify any documents received in response to any subpoena issued by you in this case.

**INTERROGATORY NO. 30:**

Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any arid all other impeachment materials of any type, and or variety.

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on all counsel of record in these proceedings either by United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this __3___ day of __November__, 2021.

*[signature]*

ZOEY H. AKIN

Respectfully submitted by:

**SLOCUMB LAW, LLC**

*[signature]*

**ZOEY H. AKIN, NO. 37969**
Slocumb Law Firm
365 Canal St., Ste. 2650
New Orleans, Louisiana 70130
Email: zakin@slocumblaw.com
Telephone: (504) 276-5420
Facsimile: (504) 276-5430
*Attorney for Petitioner*

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                         DIVISION " "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____     _____
                                              DEPUTY CLERK

## REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C.
       **Through its registered agent for Service of Process:**
       Corporation Service Company
       501 Louisiana Ave.
       Baton Rouge, LA 70802

       BOYD GAMING CORPORATION
       **Through its registered agent for Service of Process:**
       Joe Quincy Williams
       5050 Williams Blvd,
       Kenner, LA 70065

       XYZ INSURANCE COMPANY
       *Please withhold service at this time*

       On authority of 1461 and 1462 of the Louisiana Code of Civil Procedure, come Plaintiff,

Sharon Neidigh, who propounds the following Requests for Production of Documents to be

answered fully, separately and completely, in writing and under oath within the days allowed by

law by the defendants, Boyd Gaming Corporation and XYZ Insurance Company:

**REQUEST FOR PRODUCTION NO. 1:**

       Please produce any and all incident and/or incident reports and investigations prepared by

you or your representative as a result of subject incident.

**REQUEST FOR PRODUCTION NO. 2:**

       Please produce copies of all photographs, video tapes, slides and motion pictures in your

possession which are relevant to the allegations of Plaintiff's Petition and Defendant's Answer

and defenses.

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of all insurance policies (including the declaration page) potentially applicable to this claim.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents or other tangible evidence in your custody, possession, or control that in any way refers to or supports your answers to the interrogatories. Such documents include, but are not limited to, incident reports, records, schedules, notes, memorandum, correspondence, communications, letters, photographs, video, audio recordings, maps, diagrams, drawings, design documents, or other tangible evidence.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any notes or other documents which you have made concerning the subject incident.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all recorded statements (whether oral, written, or any other form) of any witnesses to the subject incident.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all diagrams, photographs, videotapes or computer simulations of area in which the subject incident occurred, including the premises at issue.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents concerning the installation, maintenance, or operation of the premises at issue in this case, including any related correspondence with any Defendant, and any relevant safety materials.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documentation related to any efforts you deemed necessary to make the premises at issue in this matter fully compliant with any relevant governmental or industry standard, identify whether such work was performed, when such work was performed, and please describe the entity performing said work.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all correspondence with any entity or person related to safety standards for the premises at issue in this case.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all standards, codes, rules, regulations, or statutes that will be relied upon in defense of this case.

**REQUEST FOR PRODUCTION NO. 12:**

Produce any documents which establish which individual, entity, or entities had custody of the premises at issue as of the date of the subject incident.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of any documents which establish which individual, entity, or entities which were responsible for the ensuring the safety of the premises at issue as of the date of the subject incident.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all records regarding compliance with all relevant governmental or industry safety standards.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents that you claim constitute an admission(s) or declaration(s) against interest concerning any facts or matters alleged in the Petition.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all written reports, all correspondence, all invoices, and the complete file for any expert witness you intend to call at trial.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of any petitions you received related to the premises at issue.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents which support your denial of any allegations in Plaintiff's Petition, or any affirmative defenses you rely upon in your answer.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any documents received in response to any subpoena issued by you in this case.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any document or thing that you intend to use as exhibit in the trial of this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted by: |
| I hereby certify that I have served a copy of the foregoing on all counsel of record in these proceedings either by United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this __3___ day of __November__, 2021. | **SLOCUMB LAW, LLC** |

_ZOEY H. AKIN_

**ZOEY H. AKIN, NO. 37969**
Slocumb Law Firm
365 Canal St., Ste. 2650
New Orleans, Louisiana 70130
Email: zakin@slocumblaw.com
Telephone: (504) 276-5420
Facsimile: (504) 276-5430
*Attorney for Petitioner*

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                          DIVISION "      "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____      _____
                                                      **DEPUTY CLERK**

## VERIFICATION

STATE OF LOUISIANA

PARISH OF _____

      Before me, NOTARY PUBLIC, came and appeared:

_____
Duly Authorized Representative of XYZ INSURANCE COMPANY

who after being sworn and deposed, did state:

      The answers in the responses of XYZ  INSURANCE COMPANY to the Interrogatories

and Requests for Production of Documents propounded by Sharon Neidigh are true and correct

to the best of his/her knowledge and information.

_____
Duly Authorized Representative of XYZ INSURANCE COMPANY

Sworn to and subscribed before me, Notary Public on this _____day of _____,

2021.

_____
NOTARY PUBLIC

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                                           DIVISION "      "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____     _____
                                                          DEPUTY CLERK

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF _____

Before me, NOTARY PUBLIC, came and appeared:

_____
Duly Authorized Representative of Red River Entertainment of Shreveport, LLC

who after being sworn and deposed, did state:

The answers in the responses of Red River Entertainment of Shreveport, LLC to the

Interrogatories and Requests for Production of Documents propounded by Sharon Neidigh are

true and correct to the best of his/her knowledge and information.

_____
Duly Authorized Representative of Red River Entertainment of Shreveport, LLC

Sworn to and subscribed before me, Notary Public on this _____day of _____,

2021.

_____
NOTARY PUBLIC

1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:                                                    DIVISION "        "

SHARON NEIDIGH

VERSUS

RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C., BOYD GAMING
CORPORATION and XYZ INSURANCE CORPORATION

FILED:_____      _____
                                                        DEPUTY CLERK

## VERIFICATION

STATE OF LOUISIANA

PARISH OF _____


Before me, NOTARY PUBLIC, came and appeared:


_____
Duly Authorized Representative of Boyd Gaming Corporation


who after being sworn and deposed, did state:

The answers in the responses of Boyd Gaming Corporation to the Interrogatories and Requests

for Production of Documents propounded by Sharon Neidigh are true and correct to the best of

his/her knowledge and information.


_____
Duly Authorized Representative of Boyd Gaming Corporation


Sworn to and subscribed before me, Notary Public on this _____day of _____,

2021.


_____
NOTARY PUBLIC

| From: | Zoey Akin |
|---|---|
| Sent: | Wednesday, December 1, 2021 11:45 AM |
| To: | 'John Musser, V.'; 'Samuel Sands' |
| Subject: | RE: Neidigh v. Red Reiver et. al. |

Perhaps I am mixing up the Boyds? As soon as I declarations page, I am happy to dismiss Boyd Gaming. I will not take any adverse actions against Boyd in the mean time.

Regarding Ms. Neighdig's injuries – she has multiple herniations to her L spine and a tear in her right knee, so there is potential for the case value to exceed $100k.

Sincerely,


Zoey Akin
Attorney at Law
**Slocumb Law Firm**
Office Phone: 504-399-9033
Direct Phone: 504-276-5420
Fax Number: 504-276-5430
Email: ZAKIN@SLOCUMBLAW.COM

 SLOCUMB LAW FIRM, LLC
A NATIONAL LAW FIRM

The information contained in this email and any attachments hereto may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

**From:** John Musser, V. [mailto:JMusser@mrsnola.com]
**Sent:** Wednesday, December 1, 2021 11:30 AM
**To:** Zoey Akin; Samuel Sands
**Subject:** RE: Neidigh v. Red Reiver et. al.

Not sure I understand how dismissing one defendant impacts another, especially since they are both self-insured, but we will get you the dec page in due course.  Do you anticipate damages over $100K? I just want to give my folks a heads up.

Thanks,
John

John H. Musser, V
504.274.3840
jmusser@mrsnola.com

**From:** Zoey Akin <zakin@slocumblaw.com>
**Sent:** Wednesday, December 1, 2021 11:26 AM
**To:** John Musser, V. <JMusser@mrsnola.com>; Samuel Sands <SSANDS@MRSNOLA.COM>
**Subject:** RE: Neidigh v. Red Reiver et. al.

Hey John & Sam,

I appreciate the information and I am sure you can imagine that I do not want either party to bear unnecessary motion costs.  I just need the declarations page before I can dismiss Boyd. I need to ensure that by dismissing Boyd, the case against Red River wont be dismissed. Unless you have another suggestion?

Ms. Neidigh is still treating, but I will get you a demand shortly.

I look forward to working with you guys to resolve this.



Sincerely,

Zoey Akin
Attorney at Law
**Slocumb Law Firm**
Office Phone: 504-399-9033
Direct Phone: 504-276-5420
Fax Number: 504-276-5430
Email: ZAKIN@SLOCUMBLAW.COM

 **SLOCUMB LAW FIRM, LLC**
A NATIONAL LAW FIRM

The information contained in this email and any attachments hereto may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

**From:** John Musser, V. [mailto:JMusser@mrsnola.com]
**Sent:** Wednesday, December 1, 2021 11:17 AM
**To:** Zoey Akin; Samuel Sands
**Subject:** RE: Neidigh v. Red Reiver et. al.

Hi Zoey – (Red River) STS is self-insured for the first $500K.  Is your lady claiming damages greater than that?

Regardless, Red River Entertainment, L.L.C. is a Louisiana limited liability company owned by a single member, Boyd Louisiana Racing, L.L.C., which is also a Louisiana limited liability company.  Boyd Louisiana Racing, L.L.C., in turn, is owned by a single member, Boyd Gaming Corporation.  Boyd is a member of the LLC that owns the casino; as you know a member of an LLC cannot be held liable for the debts of the LLC, let alone one that is 2x removed.  We can file a motion on it if needed, we were just hoping to avoid the cost of that exercise.

Alternatively, do you have a settlement demand for us to present to our folks?

Thanks,
John / Sam

John H. Musser, V
504.274.3840
jmusser@mrsnola.com

**From:** Zoey Akin <zakin@slocumblaw.com>
**Sent:** Wednesday, December 1, 2021 11:00 AM
**To:** Samuel Sands <SSANDS@MRSNOLA.COM>
**Cc:** John Musser, V. <JMusser@mrsnola.com>
**Subject:** RE: Neidigh v. Red Reiver et. al.

Hey Sam & John,

Confirmed for the extension. Regarding the dismissal of Boyd, I need to see the declarations page for the premises liability insurer before I consider your proposal/bring it my client.

Sincerely,

Zoey Akin
Attorney at Law
**Slocumb Law Firm**
Office Phone: 504-399-9033
Direct Phone: 504-276-5420
Fax Number: 504-276-5430
Email: ZAKIN@SLOCUMBLAW.COM



SLOCUMB LAW FIRM, LLC
A NATIONAL LAW FIRM

The information contained in this email and any attachments hereto may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

**From:** Samuel Sands [mailto:SSANDS@MRSNOLA.COM]
**Sent:** Wednesday, December 1, 2021 10:36 AM
**To:** zakin@slocumblaw.com
**Cc:** John Musser, V.
**Subject:** Neidigh v. Red Reiver et. al.

Ms. Akin,

Thank you again for your time this morning and for agreeing to extend the Answer deadline to January 4, 2022. Please note that I have copied John Musser on this email who is also working on this matter and will also be a point of contact.

Additionally, we'd like to note that Boyd Gaming, named as a defendant in the petition, is actually Red River's parent company with no operational control of the premises in question, and therefore is an improper party. Would your client be willing to voluntarily dismiss Boyd Gaming based on these facts? Please let us know your thoughts at your earliest convenience.

Thank you,

Sam & John

Samuel L. Sands
ssands@mrsnola.com



201 Poydras St. Suite 400
New Orleans, Louisiana 70163

Direct: 504.274.3067
Mobile: 832.419.1291
Teams | Site | Bio

MURPHY, ROGERS, SLOSS, GAMBEL & TOMPKINS
A PROFESSIONAL LAW CORPORATION

*This email message and any attachments thereto may contain information that is legally privileged. If you are not the intended recipient and have received this email in error, please should immediately notify the sender by phone or email.*

**THIS EMAIL IS FROM AN EXTERNAL SENDER!**

<u>**DO NOT**</u> click links or open attachments if the sender is unknown or the email was unsolicited and <u>**never**</u> provide your User ID or Password.

**THIS EMAIL IS FROM AN EXTERNAL SENDER!**

<u>**DO NOT**</u> click links or open attachments if the sender is unknown or the email was unsolicited and <u>**never**</u> provide your User ID or Password.

**THIS EMAIL IS FROM AN EXTERNAL SENDER!**

<u>**DO NOT**</u> click links or open attachments if the sender is unknown or the email was unsolicited and <u>**never**</u> provide your User ID or Password.