# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| SHARON NEIDIGH | CIVIL ACTION NO. 21-4323 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| RED RIVER ENTERTAINMENT OF SHREVEPORT, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendant, Red River Entertainment of Shreveport, LLC d/b/a Sam's Town Hotel & Casino ("Sam's Town"), urging the Court to dismiss all claims brought against it by Plaintiff, Sharon Neidigh ("Neidigh").[1] For the reasons that follow, Sam's Town's motion is **GRANTED**.

## BACKGROUND

Neidigh began a Saturday evening in November 2020, gambling at Sam's Town in Shreveport, Louisiana.[2] She played "penny slots," watched others gamble, and enjoyed the complimentary beverages Sam's Town served to its patrons.[3] Later that night, Neidigh walked into the women's restroom on the Casino's third floor.[4] After entering the bathroom, Neidigh moved toward the second stall from the restroom's entrance, pushed the door open, then locked it.[5] Just as she was about to sit down, she spotted a "clear"

---

[1] Record Document 21.
[2] Record Document 21-3 at 2.
[3] *Id.* at 2–3.
[4] Record Document 21-4 at 1.
[5] Record Document 21-3 at 8.

puddle surrounding the toilet's base, about one-half inches deep.[6] She did not see the substance when she first entered the stall.[7] Nor could she detect the composition of the liquid, the duration of its presence, or the cause of its existence.[8] Believing the liquid would damage her leather boots, however, Neidigh elected to leave and use another available stall.[9] As she moved to exit, she slipped on the liquid, fell on her back, and injured her knee.[10]

About fifteen minutes before the accident, Vernell Thompson ("Thompson"), a Sam's Town employee, inspected the restroom.[11] Having been a lead custodian or "Captain of the Watch" for several years, Thompson is familiar with the Sam's Town sanitation protocol; each of the Casino's restrooms is serviced in thirty to sixty-minute intervals.[12] As a part of this regular inspection, and fifteen minutes before Neidigh entered the stall, Thompson saw no liquid on the floor.[13] Thompson again inspected the third-floor restroom immediately after Neidigh's fall.[14] And again, Thompson did not detect any liquid that allegedly caused Neidigh's slip.[15]

Following her accident, Neidigh brought suit against Sam's Town under the Louisiana Merchant Statute. Neidigh alleges Sam's Town was negligent in failing to keep its restroom floor clear of hazardous conditions. After the close of discovery, Sam's Town

---

[6] *Id.* at 8–9.
[7] *Id.* at 8–11.
[8] *Id.*
[9] *Id.* at 3–4.
[10] *Id.* at 4.
[11] Record Documents 25-3 at 4 & 21-4 at 1.
[12] Record Document 25-3 at 6.
[13] *Id.* at 4.
[14] *Id.* at 3.
[15] *Id.* at 4.

moved for summary judgment. In its brief, Sam's Town argues that Neidigh cannot meet her burden of proving one of the Louisiana Merchant Statute's essential elements: that Sam's Town created or had actual or constructive notice of the liquid that allegedly caused Neidigh to slip and fall.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id*. at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id*. (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty*

3

*Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id*.

## LAW & ANALYSIS

Among the duties owed to their patrons, merchants must make a reasonable effort to keep their premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. § 9:2800.6(A). If a merchant breaches that duty and "injury, death, or loss" occurs due to a condition existing in or on a merchant's premises, the Louisiana Merchant Statute provides claimants with a cause of action. *Id.* § 9:2800.6(B). To recover under this statute, plaintiffs must establish three elements:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

4

> or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.*

In this case, the only issue raised in Sam's Town's summary judgment motion is whether Neidigh can prove the second element—that is, whether Sam's Town created or had actual or constructive notice of the substance that caused Neidigh to slip and fall. Because Neidigh does not contend Sam's Town created or had actual notice of the condition, whether Neidigh survives summary judgment turns on whether she can point to evidence showing Sam's Town had "constructive notice" of the liquid.

To prove constructive notice, a plaintiff must show that the condition existed "for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.6(C)(1). Evinced by the phrase "such a period of time," the constructive notice analysis includes a "temporal element." *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084. As a result, Neidigh must come forward with "positive evidence" at this stage, showing that the damage-causing condition existed for some time and that such time was sufficient to place Sam's Town on notice of its existence. *Id.* at 1082.

"Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.* at 1084. The statute "places a heavy burden of proof on plaintiffs." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 37-117 (La. App. 2 Cir. 5/14/03), 847 So. 2d 43, 48)). And to meet their burden, plaintiffs cannot rely on "[m]ere speculation or

5

suggestion." *Id.* (quoting *Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03), 850 So. 2d 895, 898)). Even so, plaintiffs are "not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall." *Finley v. Racetrac Petroleum, Inc.*, 48,923, p. 7 (La. App. 2 Cir. 4/9/14), 137 So. 3d 193, 198. "Instead, the factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such [a] time prior to the accident that it should have been discovered and corrected." *Id.* (citation omitted).

In this case, Sam's Town says Neidigh cannot meet her constructive notice burden of supplying "positive evidence" because she only relies on speculation. In making its argument, it points to Neidigh's testimony. In her deposition, Neidigh attested that she did not know the source of the liquid or what it was.[16] She also admitted that she did not know how long the liquid had been on the floor before her fall, though it was "clear" and not dirty.[17] Sam's Town further notes that Neidigh has supplied no evidence showing a third party saw the liquid on the ground for any length of time. The only testimony presented is from Thompson, who inspected the floor fifteen minutes before and moments after Neidigh's fall and never noticed the puddle.[18] Based on these facts, Sam's Town argues that Neidigh cannot establish constructive notice.

In responding to Sam's Town's summary judgment motion, Neidigh filed two oppositions.[19] In her first filing, she did not address the notice element of the Louisiana Merchant Statute; she focused instead on the unreasonable risk element, which, as noted

---

[16] Record Document 21-3 at 8–11.
[17] *Id.*
[18] Record Document at 25-3 at 4.
[19] Record Documents 25 & 28-2.

6

by Sam's Town, is not in dispute.[20] Perhaps recognizing this oversight, Neidigh filed a sur-reply.[21] Though the sur-reply discusses constructive notice, the argument contained therein cannot save Neidigh's case from dismissal. Rather than providing "positive evidence" showing the offending liquid existed for *any* time period, Neidigh urges the Court to consider the "circumstances" of the accident.[22]

Given the foot traffic and its cleaning practices, Neidigh believes Sam's Town was put on notice of a potentially hazardous condition in its third-floor bathroom. Neidigh notes, for example, that casinos are usually busy on Saturday nights; there is "often urine and water on the restroom floors, requiring cleaning at least once an hour."[23] On the night of the accident, in particular, Neidigh stresses that Thompson set foot into the women's restroom four times in a separate twenty-minute timeframe during the course of the evening.[24] In the fifteen minutes after Thompson's last inspection, video surveillance showed eight patrons walking into the restroom before Neidigh entered the stall.[25] Taken together, Neidigh says this is enough to carry her burden at this summary judgment stage.

The Court, however, disagrees. Though "plaintiff[s] may rely on circumstantial evidence to meet their burden of [proving] constructive notice" *Davis v. Cheema, Inc.*, 2014-1316 (La. App. 4 Cir. 5/22/15), 171 So. 3d 984, 989, they must provide something more than speculation alone. In this case, Neidigh has not done so. At best, all Neidigh

---

[20] Record Document 27 at 2.
[21] Record Document 28-2. Neidigh's motion to file a sur-reply is **GRANTED**, and the clerk shall file the pleading into the record.
[22] *Id.* at 6.
[23] *Id.*
[24] Record Documents 28-2 at 5 & 25-3 at 1.
[25] Record Document 21-4 at 1.

can show is that the alleged pool of liquid arose between Thompson's last inspection and Neidigh's encounter with the liquid fifteen minutes later. But the liquid could have formed under various circumstances and timeframes within that fifteen-minute interval. Speculating about when and how the substance came to be is no way for Neidigh to meet her "heavy burden" in proving Sam's Town's constructive notice. *See Babin v. Winn-Dixie La., Inc.*, 2000-0078 (La. 6/30/00), 764 So. 2d 37, 40–41 (holding that speculation is insufficient when plaintiff failed to show the condition existed for some period of time before the fall).

To be clear, the evidence presents a fact question as to whether the liquid existed, but the dispositive issue before the Court is whether Neidigh can supply "positive evidence" that Sam's Town had constructive notice of the allegedly hazardous condition. As Sam's Town notes, this case shares similarities with *Avila v. PNK (Lake Charles), LLC*, No. 20-00331, 2022 WL 402926 (W.D. La. Feb. 9, 2022), a slip and fall lawsuit arising in the Western District of Louisiana. *Avila* similarly featured a patron who slipped in a casino restroom. Like Neidigh, the patron "allege[d] that, after entering the stall, she immediately noticed liquid surrounding the base of the toilet." *Id.* at *1. Once the patron left the stall, she slipped on the liquid and fell. *Id.* In her testimony, the patron "admitted that she did not know how long the substance was on the floor." *Id.* at *7. In addition, she failed to produce "third-party witness[es] or circumstantial evidence that would suggest how long [the substance] had been there." *Id.* In granting summary judgment to the casino, Judge Doughty concluded that the patron could not establish that the liquid was on the floor for a period of time long enough to infer constructive notice. *Id.* at *7–8.

8

The same is true here. Reviewing the evidence in a light most favorable to Neidigh, "the record is devoid of proof establishing the nature of the substance, if any, on the floor; how it came to be on the floor; or how long it was on the floor prior to the accident." *Guillory v. The Chimes*, 2017-0479 (La. App. 1 Cir. 12/21/17), 240 So. 3d 193, 197. Because Neidigh has failed to create a triable issue of fact regarding constructive notice, summary judgment is appropriate.

## CONCLUSION

For the reasons outlined above, Sam's Town's motion for summary judgment[26] is hereby **GRANTED**, and Neidigh's claims are **DISMISSED WITH PREJUDICE**. A corresponding judgment will issue alongside this ruling.

**THUS DONE AND SIGNED** this 24th day of February, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[26] Record Document 21.